Smith, J.
The petition of .the relator alleges that on the 16th of April, 1888, he was a member of the board of examiners of teachers for the school district of Cincinnati, a city district of the first •class, having been appointed and qualified for a term, which, by law passed April 16,1888, would expire August 31, 1890; that -the duties of said office were greatly changed by said statute, and that after the passage the board of education duly fixed the compensation' of the relator and other members of the board at $300 per annum,such compensation to oommenoe April 16, 1888; that'he held such office and fa thfully performed his duties until August 31, 1890, and that the duties of the office were in no way changed between the time of the fixing of his said compensation and the end of his said term.
That on the 9th of September, 1889, the board, by resolution of that date, assumed to reduce the compensation of the relator and the other members of the board of examiners to $120 per annum, and from the 1st of September, 1889, till the expiration of said term, unlawfully withheld from him the difference between said amount and the láwful' compensa ion, amounting to $180 due to him, and refuses to pay him the same, though demanded; that there are funds in the hands of the treasurer of said board, under its control, nbt' oth erwise appropriated, sufficient to pay relator’s claim. Wherefore, he prays that a writ of mandamus issue, commanding the board to appropriate said *786 sum of $180, an.d to provide for the payment of the same, with interest from August 31, 1890.
Merrill & Kuehnert, for Plaintiff.
Horstman, Galvin, Whittaker and O'Connell, for Defendant.
To this petition a general demurrer was filed, and the question is, Does it state facts sufficient to constitute a cause of action against the respondent?
The claim of counsel for the relator is that the board of education, having, in pursuance of the requirement of the statute, fixed the compensation or salary of the members of the board of examiners,that it had no right during the continuance of his term to lower the same; and we understand that the claim (in part at least) is founded on the provisions of section 20, article II of the Constitution, which is as follows:
“The General Assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers,but no change therein shall affect any officer during his existing term, unless the office be abolished.’’
We are of the opinion that this section does not apply to a case like his; that the office and officers spoken of therein do not refer to such officers as a member of a board of examiners or to the officers of a municipal corporation, for instance, may- or, marshal, clerk, treasurer, etc., but to those created by the General Assembly, and whose salary is to be fixed by that body. That this is the true meaning of this section and the legislative construction placed upon it, we think is shown by sections 1716 and 1717, B. S., which provide that the councils of municipal corporations shall prescribe what fees or compensation officers of municipal corporations shall receive for their services, which shall in no case be increased or diminished during the term for which the officer was elected or appointed. If such officers came within the provisions of article II,section 20, such legislation would be unnecessary. Nor does a member of a board of examiners come within the designation of officers of municipal corporations. They are provided for in part second, title III, under the head ‘Schools, and not under part one, title Xli,’ regulating‘municipal corporations.’ And we see uo provision in the school laws prohibiting a change in the compensation of an officer during his term of office.
We think then that the board of education had the right to reduce the compensation to be paid to the relator during his term of office. But the change could not be retroactive. The allegation of the petition is that the change was made September 9, 1889, and that the board of education from the first day of September, 1889, withholds from the relator the difference between his salary at $300 and at 120. We think he was entitled to the salary at the rate of $300 per annum until September 9, 1889, and the amount for those nine days so withheld should be paid to him. Unless the relator wishes to have the judgment of the supreme oourt upon this question, we have no doubt but that this matter can be arranged without further order of the court.